

David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: )<br>)<br>LORRY LEE CROW, )<br>)<br>                          Debtor. )<br>_____ )<br>)<br>LORRY LEE CROW and )<br>MARTIN P. SHEEHAN, Trustee, )<br>)<br>                          Plaintiffs, )<br>)<br>            v. )<br>)<br>CITIBANK, N.A., )<br>)<br>                        Defendant. )<br>_____ ) | Case No. 24-bk-00314<br>Chapter 7<br><br><br><br><br><br><br><br><br>Adversary No. 24-ap-00013 |

## **MEMORANDUM OPINION**

Pending before the Court is a motion for summary judgment. Lorry Crow and Martin P. Sheehan (the "Plaintiffs") seek summary judgment as to Count I of their Complaint against Citibank, N.A. (the "Defendant") for alleged violations of the West Virginia Consumer Credit and Protection Act (the "WVCCPA"), W. Va. Code § 46A-2-128(e). Specifically, the Plaintiffs assert that the Defendant unlawfully continued debt collection efforts despite receiving notice that Lorry Crow was represented by counsel. The Defendant contends that the notice of representation was not effective because Ms. Crow did not send it to the Defendant's registered agent pursuant to the requirement of W. Va. Code § 46A-2-128(e).

For the reasons stated herein, the Court will deny the Plaintiffs' Motion for Summary Judgment and grant summary judgment as to Count I of the Plaintiffs' Complaint in favor of the Defendant.

## I.     STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of proof to establish that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden. *Id*. at 323. Material facts are those necessary to establish the elements of the cause of action. *Anderson*, 477 U.S. at 248. Thus, the existence of a factual dispute is material — thereby precluding summary judgment — only if the disputed fact is determinative of the outcome under applicable law. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); see also *Anderson*, 477 U.S. at 248.

If the moving party shows that there is no genuine dispute of material fact, the nonmoving party must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. *Celotex Corp*., 477 U.S. at 322-23. The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Shaw*, 13 F.3d at 798. However, the court's role is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for a trial." *Anderson*, 477 U.S. at 249. Nor should the court make credibility determinations. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). If no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial. *Celotex Corp.*, 477 U.S. at 317, 323-24.

## II.     BACKGROUND

In March of 2024, Lorry Crow held two unpaid consumer accounts with the Defendant. At some point before March of 2024, the outstanding balances triggered the Defendant's debt collection efforts. On or about March 15, 2024, Ms. Crow sought legal representation in relation

to the debts owed. On March 15, 2024, Ms. Crow's counsel sent two letters to the Defendant, one to its principal place of business and one to the address listed on Ms. Crow's credit report, notifying it that he represented Ms. Crow and requesting all further communications be directed to him. On March 19, 2024, the Defendant received one of the two letters. On March 20, 2024, the Defendant sent Ms. Crow a response letter acknowledging receipt of Ms. Crow's credit reporting dispute but contending it did not have sufficient information regarding Ms. Crow's accounts to investigate the dispute. On March 22, 2024, the Defendant received the second letter. And again, on March 27, 2024, the Defendant sent Ms. Crow's counsel a letter in response acknowledging its receipt of Ms. Crow's credit reporting dispute but contending it did not have sufficient information regarding the accounts to investigate the dispute.

Between March 26, 2024, and May 6, 2024, the Plaintiffs assert that the Defendant contacted Ms. Crow approximately eighty-eight times in violation of W. Va. Code § 46A-2-128(e). As a result, on May 6, 2024, Ms. Crow's counsel sent two letters serving as a "Notice of Right to Cure" for each account pursuant to W. Va. Code § 46A-5-108. Unlike the previous letters, these letters were sent to the Defendant's principal place of business and to its registered agent. On May 20, 2024, one of the letters was received by the Defendant's registered agent. The other letter was received by the Defendant at its principal place of business on May 10, 2024, and by its registered agent on June 13, 2024. On May 21, 2024, Ms. Crow's accounts were coded cease and desist. On June 20, 2024, the 45-day statutory period for the Defendant to respond to the Right to Cure Notice expired without the Defendant offering to cure the alleged violations.

On July 12, 2024, the Plaintiffs initiated this adversary proceeding against the Defendant, alleging violations of the WVCCPA and seeking statutory damages, cancellation of debts, and attorneys' fees in Count I and alleging violations of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 and seeking statutory and punitive damages in Count II. The Plaintiffs moved for summary judgment, specifically relating to Count I of the Complaint and the WVCCPA allegations, arguing that the Defendant's continued communications constituted violations of the WVCCPA and that notice sent to the Defendant's principal place of business was proper and effective adequate notice. In response, the Defendant argued that the Plaintiffs' notice was legally ineffective because it was not sent to its registered agent, as required by W. Va. Code § 46A-2-128(e). In reply, the Plaintiffs argued that W. Va. Code § 46A-2-128(e) should be liberally

construed to favor consumers, which should render their notice effective despite not having been sent to the registered agent.[1]

### III.   DISCUSSION

The Plaintiffs contend they are entitled to summary judgment as to Count I of the Complaint based upon proper and effective notice of representation and right to cure letters sent to the Defendant's principal place of business. The Plaintiffs argue that the West Virginia Secretary of State's website failed to list the Defendant's registered agent, that mailing to the principal place of business is sufficient notice, and that the Defendant had actual knowledge of Ms. Crow's legal representation. The Plaintiffs further argue that the WVCCPA is remedial legislation that is to be liberally interpreted in favor of the consumer. The Defendant opposes summary judgment in the Plaintiffs' favor arguing the plain and unambiguous language of W. Va. Code § 46A-2-128(e) provides for notice to be sent to the registered agent.

The Defendant argues the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-2-128(e), should be construed using the plain meaning of the text. It reads:

> "Any communication with a consumer made more than three business days after the debt collector receives written notice from the consumer or his or her attorney that the consumer is represented by an attorney specifically with regard to the subject debt. **To be effective under this subsection**, such notice must clearly state the attorney's name, address and telephone number and be sent by certified mail, return receipt requested, **to the debt collector's registered agent, identified by the debt collector at the office of the West Virginia Secretary of State or, if not registered with the West Virginia Secretary of State, then to the debt collector's principal place of business."**

W. Va. Code § 46A-2-128(e) (emphasis added). The statutory language is clear and unambiguous: notice is only effective if sent to the registered agent, provided one is listed with the Secretary of State. The Plaintiffs argue that a liberal interpretation favoring consumers should excuse their failure to send notice to the registered agent. However, courts cannot apply liberal construction where statutory text is unambiguous. See *Caminetti v. United States*, 242 U.S. 470, 485 (1917) (holding that where statutory language is clear, courts must enforce it as written). Further, "[i]t is well established that when the statute's language is plain, the sole function of the courts—at least

---
[1] Both parties also raised additional arguments relating to the Defendant's affirmative defenses and its bona fide error defense, which the Court finds unnecessary to address based upon its ruling.

where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) (internal quotation and citations omitted).

In West Virginia, "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." *Hammons v. W. Va. Off. of Ins. Com'r*, 775 S.E.2d 458, 464 (2015) (quoting Syl. Pt. 1, *Smith v. State Workmen's Comp. Com'r*, 219 S.E.2d 361 (1975)). This analysis must begin with the plain language of the statute. *Ancient Energy, Ltd. v. Ferguson*, 806 S.E.2d 154, 157 (2017). If the plain language is unambiguous, no further interpretation is necessary. *Id.*; Syl. Pt. 2, *Crockett v. Andrews*, 172 S.E.2d 384 (1970) ("Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation."); Syl. Pt. 3, *Francis O. Day Co. v. Dir., Div. of Env't Prot. of W. Va. Dep't of Com., Lab. & Env't Res.*, 443 S.E.2d 602 (1994) ("Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation."). As the court held in *Hereford v. Meek*, 52 S.E.2d 740 (1949), "[a] statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning."

The Supreme Court of Appeals of West Virginia in *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 461 S.E.2d 516 (1995), upheld the notion that the WVCCPA must be construed liberally to accomplish its legislative purpose of protecting consumers from unfair, illegal, or deceptive acts or practices. However, while courts are guided by the court in *McGraw*, construction of the WVCCPA in a liberal manner can only be done with provisions of the statute that suggest ambiguity. Otherwise, the statute must be enforced according to its plain meaning. *State ex rel. Frazier v. Meadows,* 454 S.E.2d 65, 68–69 (1994).

Here, W. Va. Code § 46A-2-128(e) states the appropriate avenue to provide effective notice to the debt collector. The notice must be sent to the debt collector's registered agent, if one is identified at the office of the Secretary of State. In conforming this provision with the plain meaning of the text, there is simply no other way to interpret the instruction on providing notice. The legislature did not use ambiguous terms or punctuation marks or leave open any room for interpretation. Without notice sent to the registered agent, the notice is simply ineffective.

It is undisputed that the Plaintiffs did not send the representation notice to the Defendant's registered agent until May 6, 2024, which was not received by the Defendant until May 20, 2024.

Rather, the Plaintiffs mailed the initial notices of representation to Citibank's principal place of business and an address listed on Ms. Crow's credit report. The Plaintiffs contend that they searched the Secretary of State's website and could not locate the registered agent. However, Defendant has provided evidence demonstrating that its registered agent was, in fact, listed and publicly accessible.[2] The Plaintiffs even point to the fact that the Defendant listed its registered agent by stating that "[…] under the Secretary of State's Business and Licensing webpage, […], Citibank has an entry that lists its agent for the service of process." Pls.' Mot. For Summ. J. at 3. There is no dispute that the Defendant's registered agent was identified by the Defendant at the West Virginia Secretary of State on the West Virginia Secretary of State Business Organization Search. Because the Plaintiffs did not comply with the statutory requirements sending notice to the registered agent and now knowing the registered agent was properly listed on the West Virginia Secretary of State's website, the notice was ineffective, and the Defendant's subsequent communications did not violate the WVCCPA. In fact, upon proper service to the registered agent, the Defendant ceased contact with Ms. Crow.

With this determination, all material facts are resolved as a matter of law as to Count I of the Complaint. A court has the authority to grant summary judgment *sua sponte* in favor of the nonmoving party when no genuine issue of material fact exists and the nonmoving party is entitled to judgment as a matter of law. *Pancakes, Biscuits & More, LLC v. Pendleton Cnty. Comm'n*, 996 F. Supp. 2d 438, 444 (N.D.W. Va. 2014). Here, no factual dispute remains regarding whether the Defendant's registered agent was listed on the West Virginia Secretary of State's website and whether the Defendant received proper notice sent to its registered agent. The Plaintiffs failed to comply with the explicit requirements of W. Va. Code § 46A-2-128(e) in sending notice to the Defendant's registered agent. The statutory language is unambiguous and must be strictly construed. As such, no violation occurred as a matter of law. Therefore, summary judgment in favor of the Defendant is warranted as to Count I of the Complaint.

### IV.    CONCLUSION

For the foregoing reasons, the Court finds it appropriate to deny the Plaintiffs' Motion for Summary Judgment and grant summary judgment, as to Count I of the Complaint, in favor of the

---

[2] While the Court initially denied the Defendant's Motion to Dismiss based on the Plaintiffs' plausible causes of action, there was a question of fact as to whether the Defendant's registered agent was listed on the West Virginia Secretary of State's website. This question of fact is now undisputed – the Defendant's registered agent was in fact listed on the Secretary of State's website.

Defendant. Consistent with Fed. R. Civ. P. 58, made applicable by Fed. R. Bankr. P. 7058, the Court will enter an order stating as much.